Although this Court has never considered the precise issue raised in this appeal, in Syllabus Point 5 of *State v. Hutton*, 235 W. Va. 724, 776 S.E.2d 621 (2015), the Court set forth the test for coram nobis relief: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the *conviction* earlier; (3) there exists a substantial adverse consequence from the *conviction*; and (4) the error presents a denial of a fundamental constitutional right." (Emphasis added.). This memorandum decision relies on Syllabus Point 5 of *Hutton* to find that petitioner's commitment to a mental health facility following a determination of incompetency to stand trial does not amount to a "conviction" for purposes of seeking a writ of error coram nobis.

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Zachary Knotts,**
**Petitioner Below, Petitioner**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)**    **No. 19-0304** (Marion County 19-C-1)

**State of West Virginia,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Zachary Knotts, self-represented, appeals the March 1, 2019, order of the Circuit Court of Marion County denying his petition for a writ of error coram nobis. Respondent State of West Virginia ("the State"), by counsel Holly M. Flanigan, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 30, 2010, petitioner was arrested and charged with the offense of threats of terrorist acts in violation of West Virginia Code § 61-6-24(b). Following the February 7, 2011, indictment of petitioner, the State filed a motion for a competency evaluation. The Circuit Court

1

of Marion County held a hearing on the issue of petitioner's competency on March 11, 2011. By order entered March 23, 2011, the circuit court determined that petitioner was not competent to stand trial and committed him to William R. Sharpe, Jr. Hospital ("the hospital") pursuant to West Virginia Code § 27-6A-3(h) until either the circuit court's jurisdiction over him ended or until such time as he was found competent to stand trial, whichever occurred sooner.[1]

On March 4, 2013, petitioner filed a motion, pursuant to West Virginia Code § 27-6A-6, to establish a defense (other than by reason of mental illness) to the charge against him so that he could obtain a dismissal of the indictment and end the circuit court's jurisdiction over him. The circuit court held a bench trial, as required by West Virginia Code § 27-6A-6, on June 26, 2013. By order entered July 2, 2013, the circuit court found sufficient evidence to sustain a conviction of a terrorist threat, pursuant to West Virginia Code § 61-6-24(b), had petitioner been competent to stand trial. This Court affirmed the circuit court's determination in *State v. Knotts*, 233 W. Va. 665, 760 S.E.2d 479 (2014). Accordingly, the circuit court's jurisdiction over petitioner pursuant to West Virginia Code § 27-6A-3(h) continued for a period of three years, the maximum sentence set forth in West Virginia Code § 61-6-24(b). On February 11, 2014, the circuit court's jurisdiction over petitioner ended, and he was released from the hospital.

---

[1]West Virginia Code § 27-6A-3(h) provides:

If at any point in the proceedings the defendant is found not competent to stand trial and is found not substantially likely to attain competency, and if the defendant has been indicted or charged with a misdemeanor or felony in which the misdemeanor or felony does involve an act of violence against a person, then the court shall determine on the record the offense or offenses of which the person otherwise would have been convicted, and the maximum sentence he or she could have received. A defendant shall remain under the court's jurisdiction until the expiration of the maximum sentence unless the defendant attains competency to stand trial and the criminal charges reach resolution or the court dismisses the indictment or charge. The court shall order the defendant be committed to a mental health facility designated by the department that is the least restrictive environment to manage the defendant and that will allow for the protection of the public. Notice of the maximum sentence period with an end date shall be provided to the mental health facility. The court shall order a qualified forensic evaluator to conduct a dangerousness evaluation to include dangerousness risk factors to be completed within thirty days of admission to the mental health facility and a report rendered to the court within ten business days of the completion of the evaluation. The medical director of the mental health facility shall provide the court a written clinical summary report of the defendant's condition at least annually during the time of the court's jurisdiction. The court's jurisdiction shall continue an additional ten days beyond any expiration to allow civil commitment proceedings to be instituted by the prosecutor pursuant to article five of this chapter. The defendant shall then be immediately released from the facility unless civilly committed.

On January 2, 2019, petitioner filed a petition for a writ of error coram nobis, alleging a multitude of constitutional violations in the *Knotts* criminal proceeding and an inability to continue his chosen career as a result of that proceeding. The State filed a response on January 11, 2019, asserting that the petition failed to state a claim on which relief may be granted. By order entered on March 1, 2019, the circuit court denied the petition, finding:

> After reviewing [petitioner's] petition and the underlying felony case, the [c]ourt finds that [petitioner] has failed to state a claim that would entitled him to relief on a writ of error coram nobis. One of the predicate requirements of a writ is that the petitioner is seeking relief from a "conviction." [Petitioner] was not convicted in [*Knotts*], but was found not competent to stand trial and never regained competency during the time that the [c]ourt maintained jurisdiction pursuant to West Virginia Code § 27-6A-3(h).

Petitioner now appeals the circuit court's March 1, 2019, order denying his petition for a writ of error coram nobis. This Court reviews circuit court orders denying coram nobis relief under the following standard:

> "We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review."
>
> *State v. Allen*, 208 W. Va. 144, 150, 539 S.E.2d 87, 93 (1999) (quoting Syl. pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997)).

*State v. Hutton* ("*Hutton I*"), 235 W. Va. 724, 727, 776 S.E.2d 621, 624 (2015). In Syllabus Point 2 of *State v. Hutton* ("*Hutton II*"), 239 W. Va. 853, 806 S.E.2d 777 (2017), we held:

> "A claim of legal error may be brought in a petition for a writ of error coram nobis only in extraordinary circumstances and if the petitioner shows that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the *conviction* earlier; (3) there exists a substantial adverse consequence from the *conviction*; and (4) the error presents a denial of a fundamental constitutional right." Syllabus point 5, [*Hutton I*].

(Emphasis added.). "It has been recognized that '[f]ailure to establish any of the above elements will defeat a petition for coram nobis relief.'" *Hutton II*, 239 W. Va. at 858, 806 S.E.2d at 782 (quoting *Borelli v. U.S.*, No. 17-2814 (JLL), 2017 WL 4074027, at *2 (D.N.J. Sept. 14, 2017)).

On appeal, petitioner argues that the circuit court should be reversed and this case remanded for an evidentiary hearing on the constitutional violations he alleges. The State counters that one of the predicate requirements for seeking a writ of error coram nobis is a prior conviction and, in petitioner's criminal case, there was no conviction. Based on our review of the record, we

3

agree with the State and find that the circuit court did not abuse its discretion in denying the petition.

For the foregoing reasons, we affirm the circuit court's March 1, 2019, order denying petitioner's petition for a writ of error coram nobis.

Affirmed.

**ISSUED**: June 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison